UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY TAYLOR,

        Petitioner,

v.                                                               Case No: 08-10306
                                                               Honorable Arthur J. Tarnow

LINDA METRISH,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S PETITION FOR A CERTIFICATE OF APPEALABILITY

On July 11, 2008, this Court issued an order granting Respondent's motion to dismiss, thereby dismissing Petitioner's application for writ of habeas corpus, on the ground that the petition had not been filed in compliance with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has now filed a "Petition for Certificate of Appealability." (Docket #12.) For the reasons stated below, the Court will deny Petitioner a certificate of appealability.

### I. Standard of Review

28 U.S.C. § 2253(c)(1)(A) and Fed.R.App.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. Fed.R.App.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to decide the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

## II. Discussion

In the present case, for reasons stated in greater detail in the opinion and order, this Court found that Petitioner's application for a writ of habeas corpus was time-barred, because it had not been filed within the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The Court further found that Petitioner had failed to establish any basis for tolling the limitations period.

The Court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D.Mich.2002). In particular, because Petitioner's actual innocence argument is insufficiently convincing, he is not entitled to a certificate of appealability on this issue; Petitioner claims that he is actually "[i]nnocent of having a L.I.F.E. sentence," and

equitable tolling should therefore be applied to allow consideration of his constitutional claims. (Petitioner's Reply p. 3, ¶ 10.) The Court finds Petitioner's arguments unpersuasive. *See e.g. Whitebird v. Snider*, 28 Fed. Appx. 783, 786 (10th Cir.2001). Here, Petitioner simply filed his habeas petition too late– eleven years after the statute of limitations expired in his case.

### III. ORDER

**IT IS ORDERED** that a Certificate of Appealability is DENIED.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary